IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WARREN T. FLETCHER, #161063 | * | |
| Plaintiff | | |
| v. | * | CIVIL ACTION NO. WMN-10-2033 |
| JIMMY TURNER, VICE/PRESIDENT OF | * | |
| OPERATIONS, CORRECTIONAL | | |
| CORPORATION OF AMERICA | * | |
| SHELTON RICHARDSON, WARDEN | | |
| BRUCE ROBERTS | * | |
| KEN DAUGHERTY | | |
| ROGER D. MOORE | * | |
| LT. VOLLEY | | |
| TAMMY PERKINS | * | |
| Defendants. | | |
| | *** | |

## **MEMORANDUM**

Warren T. Fletcher ("Fletcher"), is an inmate currently confined at the North Branch Correctional Institution, a Maryland Division of Correction facility located in Cumberland. On July 26, 2010, the Court received for filing his 42 U.S.C. § 1983 civil rights complaint and indigency application. He names various party defendants, the majority of whom are prison staff at the Leavenworth Detention Center (" LDC") in Leavenworth, Kansas. It appear that Fletcher was previously transferred from the Maryland Division of Correction to Kansas under of the Interstate Corrections Compact ("ICC"). As this civil rights action contains no allegations arising in or raised against defendants residing in Maryland, the Court will, by separate Order, DIRECT the Clerk to transfer the matter to the United States District Court for the District of Kansas.[1]

---

[1] The Court has reviewed the federal court docket under the PACER system and observes that Fletcher did not file a complaint in the District of Kansas.

## I. Background

Fletcher claims that in March and April of 2010, while housed at LDC, a facility operated by Correctional Corporation of America, he was subject to acts which violated his religious beliefs, denied him showers and access to the courts, and placed him on cell restriction. Paper No. 1. Named as Defendants are the Vice President of Corrections Corporation of America ("CCA"), along with LCD administrators, supervisors, and case workers. Fletcher seeks declaratory and injunctive relief, as well as compensatory, nominal, and punitive damages.

## II. Standard of Review

Under the Prison Litigation Reform Act of 1995, district courts are required to screen all civil cases brought by inmates. *See McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997). In conducting this review courts should examine venue and jurisdiction, identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. The screening is necessary to determine whether defendants should be required to respond to the action.

Pursuant to 28 U.S.C. § 1391(b), a civil action that is not founded solely only on "diversity of citizenship" may except as otherwise provided by law be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

**III.    Analysis**

Assuming, *arguendo*, Fletcher's allegations state a claim that may be brought in federal court under 42 U.S.C. § 1983, it is clear that this Court lacks venue under § 1391(b). Defendants, with the exception of the CCA Vice President, reside in Kansas. Further, all of the events giving rise to the alleged unconstitutional conduct occurred in Kansas. The Court finds that venue is improper in this district. In the interest of justice, this case shall be transferred to the United States District Court for the District of Kansas, pursuant to 28 U.S.C. § 1406(a).[2]

**IV.    Conclusion**

For the foregoing reasons, the Court will, by separate Order:

(i)     DIRECT the Clerk to TRANSFER the case to the United States District Court for the District of Kansas; and

(ii)    DIRECT the Clerk to ADMINISTRATIVELY CLOSE this case.


Dated this 28th day of July, 2010.

/s/

William M. Nickerson
United State District Judge

---

[2] As noted, Fletcher has filed an application to proceed *in forma pauperis*. A ruling as to his indigency motion will be stayed. The Court will leave all decisions regarding fee payment issues under 28 U.S.C. §§ 1915(a) & (b) with the transferee court.